UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 17-10300 |
| v. | Violations: |
| | 18 U.S.C. § 1028(a)(1) |
| EVELYN MEDINA | Producing a False Identification Document |
| Defendant. | 18 U.S.C. §§ 982(a)(2)(B), (a)(6), 1028(b) |
| | Criminal Forfeiture Allegation |

## INFORMATION

THE ACTING UNITED STATES ATTORNEY for the District of Massachusetts charges that:

### General Allegations

At all times material to this Information, unless otherwise indicated:

1. Defendant, EVELYN MEDINA ("MEDINA"), was a resident of Jamaica Plain, Massachusetts.

2. MEDINA is a national of the Dominican Republic and a citizen of the United States.

3. MEDINA worked as a customer service representative at the Haymarket Center branch of the Massachusetts Registry of Motor Vehicles ("RMV"), located in Boston, Massachusetts. The RMV is a branch of the Department of Transportation, a department within the state government.

4. Beginning no later than early 2015 and until at least through April 1, 2016, MEDINA participated in a scheme to issue Massachusetts identification ("ID") cards and driver's

1

licenses to individuals who presented identification documents in identities other than their own. These identification documents generally included Puerto Rico birth certificates and U.S. Social Security cards that were counterfeit, genuine but fraudulently obtained, or genuine but altered.

5. MEDINA received between $300 and $500 for each fraudulent Massachusetts driver's license or ID card she produced.

6. When MEDINA issued these Massachusetts identification documents, she knew the identification documents presented to her were fraudulently obtained and belonged to other actual individuals.

7. On or about and between March 31, 2016 and April 1, 2016, MEDINA issued a Massachusetts ID card with the initials M.R. to an individual MEDINA believed to be a Dominican national, illegally present in the United States, and using an identification belonging to a U.S. citizen from Puerto Rico.

8. The investigation later revealed that the M.R. identity did, in fact, belong to a U.S. citizen from Puerto Rico. A review of the Puerto Rico Demographic Registry for the M.R. identity revealed the Puerto Rico birth certificate to be genuine but fraudulently obtained.

9. MEDINA issued at least fifteen Massachusetts ID cards or driver's licenses using fraudulently obtained Puerto Rican identification documents, which she knew belonged to U.S. citizens other than the individuals presenting them.

## COUNT ONE
### (Producing a False Identification Document)

10. The allegations in paragraph 1 – 9 are realleged and incorporated herein.

11. The Acting United States Attorney further charges that on or about April 1, 2016, in the District of Massachusetts, the defendant,

### EVELYN MEDINA,

did knowingly and without lawful authority produce an identification document, to wit, a Massachusetts identification with the initials M.R., in and affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1028(a)(1).

## FORFEITURE ALLEGATION
## (18 U.S.C. §§ 982(a)(6), (a)(2)(B), 1028(b))

The Acting United States Attorney further alleges that:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1028(a)(1), set forth in Count One of this Information,

**EVELYN MEDINA,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(6), (a)(2)(B), and 1028(b), (1) any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of the offense; (2) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and (3) any property real or personal that (a) constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or (b) is used to facilitate, or is intended to facilitate, the commission of the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Sections 982(a)(6), (a)(2)(B), and 1028(b), as a result of any act or omission of the defendant --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 982(a)(6), (a)(2)(B), and 1028(b).

WILLIAM D. WEINREB
Acting United States Attorney

By: /s/ Eugenia M. Carris
EUGENIA M. CARRIS
Assistant U.S. Attorney

Dated: September 28, 2017